No. 869

CHANNING v. STATE

Ohio Appeals, 5th Dist., Richland Co.

No. 248. Decided Sept. 1925

333. CRIMINAL LAW—Where defendant is charged with breaking and entering a dwelling with intent to commit a felony, it is not necessary to describe what he did after entering said dwelling house.

SHIELDS, J.

Edward Channing was indicted and charged with the offense of forcibly breaking and entering into a certain dwelling house of C. E. Heath with intent to commit a felony upon Nora Dorlan, by unlawfully and purposely attempting to commit rape on said Nora Dorlan.

Channing, in the Richland Common Pleas, pleaded not guilty. He was placed on trial and found guilty of said charge, and was sentenced according to law. Error was prosecuted from this judgment of conviction and it was claimed that the indictment which was predicated on 12437 GC. was faulty and invalid because it undertook to prescribe what is not a felony nor a crime in this state. It was also claimed that the particular felony alleged to have been committed is fatally defective because the pleader alleged that Channing "attempted to commit rape on said Nora Dorlan," and it is argued that no such crime as an attempt to commit rape exists in Ohio. The Court of Appeals held:

1. Sec. 12437 GC. provides that one maliciously and forcibly breaking and entering an inhabited dwelling house in the night season to commit a felony shall be imprisoned, etc. If an indictment under this section so charges, it charges a crime without any description of what the person charged did, after entering a dwelling house.

2. It was sufficient therefore to allege that Channing so entered a dwelling house to commit a felony for "an averment in the language of the statute that the accused attempted to break and enter with intent to commi a felony is sufficieny definite and from the very nature of things, in many instances, such intent could not be more particularly or certainly stated." 80 OS. 351 at 362.

3. Had the pleader stopped after reciting that the breaking and entering was to commit a felony, there is no doubt but that a good and valid offense under the statute would have been alleged.

4. As to the contention of Channing that he was charged with "an attempt to rape," 90 OS. 196 holds that under 12415 GC. an attempt to commit the offense defined by 12414 GC. is an offense.

5. But whether this allegation was a mistake or otherwise, the view taken in this case would render this averment immaterial.

Judgment affirmed.

Attorneys—Huston & Hutchinson and J. F. Kramer for Channing; A. S. Beach and Geo. H. Blecker for State; all of Mansfield.